**Leonila A. QUIZON, Plaintiff,**

v.

**UNITED STATES VETERANS ADMINISTRATION, et al., Defendants.**

Civ. A. No. 87–2836.

United States District Court, District of Columbia.

May 12, 1989.

Bernice B. Weinsteinre, Office of Gen. Counsel, Veterans Admin., Washington, D.C., for plaintiff.

Daniel Bensing, Asst. U.S. Atty., Washington, D.C., for defendants.

Kenneth S. Kaufman and Albert J. Beveridge, III, Beveridge & Diamond, Washington, D.C., amicus curiae.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

In this suit, plaintiff seeks various benefits from several federal agencies based on her alleged military service in the Philippines during World War II. Currently pending is defendants' motion to dismiss. The motion shall be granted with respect to claims for Social Security benefits, backpay, and life insurance benefits; it shall be denied with respect to claims seeking other benefits administered by the Veterans' Administration. *See Quiban v. Veterans Administration,* 713 F.Supp. 436 (D.D.C. 1989).

## BACKGROUND

The complaint, although signed by someone purporting to be counsel for plaintiff, has been treated as having been filed *pro se. See Pospos v. Veterans Administration,* No. 86–5494 (D.C.Cir. May 22, 1987). Therefore liberality has been extended in construing the nature of the claims and the relief requested. Plaintiff seeks Social Security benefits, veterans' benefits and military pay. The complaint has been construed to raise a constitutional challenge to 38 U.S.C. § 107(a), which limits the benefits available to members of organized military forces in the Philippines that were called into service by an Order of the President dated July 26, 1941. She never filed a claim with either the Social Security Administration or the Veterans' Administration.

Although not entirely clear, it appears that plaintiff alleges service with a recognized guerilla force in the Philippines. She alleges that she served with the 91st Infrantry Division under the command of Ruperto Kangleon, from about 1942 to September 31, 1945. Complaint at 1. Records indicate that a Colonel R.K. Kangeleon in the Philippine Army on Leyte commanded the 92nd Infantry Division in guerila activities in the Philippines during the period of plaintiff's alleged service. U.S. Army Center for Military History, *The Status of Members of Philippine Military Forces During World War II* at 50 (June, 1973), *reprinted in Amicus Curiae's* Memorandum in Opposition as Exhibit 1.[1] The Court will proceed on that construction of the complaint.[2]

A brief description of the relationship between the Philippines and the United

---

**1.** As it did in *Quiban v. Veterans Administration,* and in fact at the same time, the Court attempted to appoint Beveridge & Diamond as counsel for plaintiff. They have been unable to obtain signed authorization from plaintiff, so they have briefed and argued the case as *amicus curiae.* The Court wishes to express once again its gratitude to Beveridge & Diamond for their able assistance in this matter.

**2.** Defendant, construing the complaint liberally, concedes for the purpose of argument that plaintiff could be alleging service with a different organized military force, either the Old Philippine Scouts, the New Philippine Scouts or the Philippine Army. *See* Motion to Dismiss at 5–6. If she served with the Old Philippine Scouts, no constitutional challenge would arise because

States and between the armed forces of the United States and armed forces of the Philippines was set forth in *Quiban v. Veterans Administration*, at 437–439, and will not be repeated here.

DISCUSSION

■ Plaintiff's failure to present a claim to the Social Security Administration is fatal to her claim for Social Security benefits. *See Pospos v. Veterans Administration*, No. 86–5494, slip op. at 3 (D.C.Cir. May 22, 1987); 42 U.S.C. § 405(g) (1982). The constitutional defect of § 107(a) with respect to veterans' benefits does not affect her claim for Social Security benefits. *See Quiban v. Veterans Administration*, No. 86–5685, slip op. at 4 (D.C.Cir. Sept. 22, 1987); *Pospos*, slip op. at 3.

■ Similarly, her claim for back-pay is unaffected by § 107(a), and must be dismissed as time-barred. *See Pospos*, slip op. at 5. Her claim for insurance benefits likewise is not affected by § 107(a). Therefore, her failure to exhaust administrative remedies precludes her claim in this Court at this time. *See* 38 U.S.C. § 784(a), (h) (district court has jurisdiction in event of disagreement as to a claim under USLGI or NSLI contract; disagreement defined as denial of claim, after consideration on the merits, by the Administrator of his designated employee).[3]

■ As for other veterans' benefits, because an application for full veterans' benefits would have been futile in light of § 107(a),[4] there was no need for plaintiff to exhaust administrative remedies. The complaint will be construed as seeking a declaration that § 107(a) is unconstitutional and an injunction enjoining application of § 107(a) to her future administrative claim for benefits.

■ Defendant's argument that § 107(a) rationally distinguishes between persons claiming status as a World War II veteran of the United States Armed Forces, has no more force with respect to members of guerilla units called into service than it does with respect to members of the Philippine Army. Guerilla units recognized and called into the service of the United States Armed Forces, pursuant to the President's Order of July 26, 1941, became units of the United States Armed Forces; their members therefore are World War II veterans

---

these veterans are entitled to full benefits. If she served with the Philippine Army, she would be in exactly the same situation as the plaintiff in *Quiban*, insofar as the constitutional issue is concerned. Veterans of the New Philippine Scouts have their benefits limited by § 107(b), and thus the constitutional issue may differ. But since the New Philippine Scouts did not come into being until late 1945, and plaintiff alleges service as early as 1942, the Court does not see how the complaint can be read to allege service with the New Philippine Scouts. The Court therefore will not address § 107(b); that issue will be addressed in a case where service in the New Philippine Scouts is clearly alleged, which will give defendant an opportunity to argue that the Court's finding that § 107(a) is unconstitutional should not apply to § 107(b).

To the extent that the constitutional issue as to § 107(a) may differ as to guerilla units compared to the Philippine Army, it is arguable that the Court's decision to presume service with a guerilla unit is inconsistent with the rule that courts should not unnecessarily decide constitutional issues. But defendant has not suggested that the constitutional varies in this regard; *i.e.,* that § 107(a) is constitutional as applied to members of guerilla units even if it is not constitutional as applied to members of the Philippine Army. Since it appears to the Court that this argument is untenable, and defendant has not advanced it, the Court deems it advisable to proceed under the assumption that plaintiff alleges service with a guerilla unit, which appears in any event to be the most reasonable construction of the complaint. This course of action is particularly appropriate given the large number of Filipino complaints pending on the Court's docket, some of which undoubtedly involve alleged service with guerilla units.

3. Of course, plaintiff will eventually have to establish the existence of a current insurance contract. *See Pospos,* slip op. at 4–5. But it is unclear whether plaintiff alleges existence of a current policy or seeks benefits under a lapsed policy. Because the claim should be first addressed to the Veterans' Administration, it would be inappropriate for the Court to determine this factual issue in the first instance. Requiring plaintiff to present her claim to the Veterans' Administration is particularly appropriate here since plaintiff will now have an opportunity to present her claims for other veterans' benefits free from the restrictions of § 107(a); all benefit claims can then be considered together.

4. *But see* note 2 *supra* (conceivable, though unlikely, that plaintiff alleges service in Old Philippine Scouts, a unit unaffected by § 107).

of our Armed Forces. Therefore, members of recognized guerilla units called into service of the United States Armed Forces are entitled to veterans' benefits on the same basis as other World War II veterans. *See Quiban v. Veterans Administration,* 713 F.Supp. 436 at 448 (D.D.C.1989).

CONCLUSION

Plaintiff's claims for Social Security benefits and life insurance benefits shall be dismissed for failure to exhaust administrative remedies; her claims for back-pay shall be dismissed as time-barred. Section 107(a) unconstitutionally deprives members of recognized guerilla units called into service pursuant to the President's Order of July 26, 1941 of full veterans' benefits.

An appropriate Order accompanies this Memorandum.

ADJUDICATION AND ORDER

In accordance with the Memorandum entered this date, it is by the Court this 12th day of May, 1989,

ADJUDGED and DECREED, that 38 U.S.C. § 107(a), insofar as it determined that service in recognized guerilla forces while such forces were in the service of the armed forces of the United States pursuant to the military order of the president dated June 26, 1941 shall be deemed not to have been service in the active military, naval or air service for the purpose of conferring veterans' benefits, except for the benefits specifically enumerated in § 107(a), and insofar as it determines that benefits payable to veterans of said guerilla forces who served pursuant to said military order of the President shall be paid at a reduced rate, is unconstitutional to the extent it deprives veterans of said guerilla forces and their dependents of benefits administered by the Veterans' Administration and requires that benefits that are available to said veterans and their dependents be paid at a reduced rate; therefore, it is by the Court,

ORDERED, that Defendants' Motion to Dismiss is GRANTED to the extent it seeks dismissal of claims seeking Social Security benefits, back-pay, and benefits under an USLGI or a NSLI contract; and it is

FURTHER ORDERED, that Plaintiff's claims for Social Security benefits and benefits under an USLGI or a NSLI contract are hereby dismissed for failure to exhaust administrative remedies; and it is

FURTHER ORDERED, that Plaintiff's claim for back-pay is dismissed as time-barred; and it is

FURTHER ORDERED, that in all other respects Defendants' Motion to Dismiss is DENIED; and it is

FURTHER ORDERED, that Plaintiff's complaint shall be treated as an administrative application for benefits and is hereby remanded to the Veterans' Administration for consideration in accordance with the Court's disposition in this matter, and therefore Defendant shall not deny or reduce benefits on the basis of 38 U.S.C. § 107(a).